In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-1817

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EDWIN CALLIGAN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:17-CR-51-001 — **Holly A. Brady**, *Judge.*

ARGUED AUGUST 3, 2021 — DECIDED AUGUST 6, 2021

Before SYKES, *Chief Judge*, and BRENNAN and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge*. Before his trial on gun and drug charges, Edwin Calligan moved to suppress evidence from the search of a house he frequented. He argued that the underlying warrant was anticipatory and should not have been executed because its triggering condition—the controlled delivery of a package with drugs, addressed to him, that police had intercepted—never occurred. Yet the district court

concluded that the warrant was supported by probable cause and had no triggering condition. The court therefore admitted the evidence, and a jury convicted Calligan. Because the district court judge was correct and, in any event, police relied on the warrant in good faith, we affirm.

## I.

The mother of Calligan's girlfriend owned the house at issue and it was located in Fort Wayne, Indiana. Jonathan Goehring, a Special Agent from the Department of Homeland Security, obtained the warrant. His supporting affidavit reported that, about ten days earlier, customs agents had intercepted a package containing one kilogram of 5F-ADB (a synthetic cannabinoid and controlled substance, *see* 21 C.F.R. § 1308.11(d)(73)), addressed to that house, with Calligan as the addressee. Calligan had received more than 50 international shipments there—including 4 in the past several weeks—and local police had recently seen Calligan's car parked in the driveway. Calligan also had a criminal history: Agent Goehring reported Indiana convictions for attempted murder, criminal recklessness, and unlawfully resisting police, as well as a pending gun-possession charge. As for the foreign shipper of Calligan's package, customs agents had recently found fentanyl analogues in another package the shipper had mailed to a different addressee.

The agent further explained that, in his experience, traffickers often store drugs, packaging materials, cash proceeds, documentation, and guns at homes they do not own. He sought to search the house for those items here.

Finally, Agent Goehring asserted that there was "currently sufficient probable cause for this issuance of this search

warrant." But then he noted his "intention … to make a controlled delivery of the [package] containing the 5F-ADB" to the house, saying he would ("will") execute the warrant after the delivery.

The magistrate judge issued a warrant that said the "affidavit(s), or any recorded testimony, establish probable cause." The magistrate judge's only express condition was that the search take place during daylight on or before June 30, 2017; the expected delivery of the package went unmentioned.

Although police *did* deliver the package, it no longer contained drugs. Rather, agents had replaced the controlled substance with flour and brown sugar. After Calligan accepted the package, the officers executed the warrant and found money, a gun, and a notebook that contained both the package's tracking number and a recipe for making raw 5F-ADB into a consumable product. In the warrant return that followed, however, Agent Goehring inaccurately reported that police had also recovered a kilogram of 5F-ADB—i.e., the package's original contents.

The seized evidence led to charges against Calligan for possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1), importing a controlled substance, *see* 21 U.S.C. § 952, and attempting to distribute a controlled substance, *see id.* § 846. And those charges led to two suppression motions at issue here.

In the first motion, Calligan argued that because the warrant application said police would deliver actual drugs to him, the agent's replacement of the drugs with flour and sugar took the search outside the warrant's scope. In doctrinal

terms, Calligan was characterizing this as an "anticipatory warrant" where the "triggering condition" for probable cause had not been satisfied. *United States v. Grubbs*, 547 U.S. 90, 94 (2006) (quoting Wayne R. LaFave, 2 Search and Seizure § 3.7(c) (4th ed. 2004)). The district judge referred this suppression motion to a magistrate judge—the same one who had issued the warrant—for an evidentiary hearing.

At that hearing, Agent Goehring testified that he was familiar with anticipatory warrants but had not sought one here. Rather, he had believed there was probable cause without any controlled delivery and had mentioned the delivery only because he predicted making it as part of executing the warrant. And, he continued, he replaced the drugs because otherwise he would have had to include a tracking device—a step that he concluded might endanger officers if Calligan found the device before the search began, given his violent history. Agent Goehring, however, thought through that problem only after obtaining the warrant. As for the incorrect information in the return, he testified that it was a mistake; he had not intended to deceive anyone.

The magistrate judge recommended denying Calligan's motion. He determined that Agent Goehring had not meant to condition the warrant on a delivery of actual drugs and did not include that condition in his affidavit; nor had the magistrate judge separately imposed such a condition on the warrant. In any event, there was probable cause without the controlled delivery. Over Calligan's objections, the district judge adopted these findings and recommendations and denied the motion, as well as Calligan's later motion to reconsider.

Then, in a second motion to suppress, Calligan cited *Franks v. Delaware*, 438 U.S. 154 (1978), and contended that

Agent Goehring's warrant application relied on materially false representations (i.e., that police would deliver drugs to the home before the search). This time a different district judge (to whom the case had been reassigned) referred the motion to a second magistrate judge. That magistrate judge, in turn, recommended denying the motion without a hearing because Agent Goehring's affidavit yielded probable cause and the replacement of the drugs was immaterial. The district judge agreed and denied this motion too.

Then, at trial, the government relied on the items seized from the home. The jury convicted Calligan on all counts, and he was sentenced to 210 months in prison.

## II.

On appeal, Calligan renews his argument that the warrant was anticipatory and that replacing the drugs with flour and sugar meant the triggering condition went unsatisfied, so that probable cause for the search never existed. Alternatively, he contends that Agent Goehring's failure to tell the issuing magistrate judge about this replacement meant the warrant rested on materially false information.

But the warrant was not anticipatory, and delivery of the actual drugs to Calligan was not a triggering condition. Objectively, no language in the warrant or affidavit conditions probable cause upon that anticipated delivery. Subjectively, Agent Goehring testified—credibly, in the view of the magistrate judge who issued the warrant—that he was not seeking an anticipatory warrant. By contrast, the affidavit in *Grubbs* insisted that the search would "not occur unless and until" the triggering condition was met. *Grubbs*, 547 U.S. at 94. Similarly, in *United States v. Dennis*, the affidavit requested

permission to search "*if and only if*" the condition was satisfied. 115 F.3d 524, 528 (7th Cir. 1997); *see also United States v. Elst*, 579 F.3d 740, 743 (7th Cir. 2009) (warrant application said that "if" condition occurred, "then your affiant requests this warrant be active for a search of the premises").

Additionally, the magistrate judge rightly concluded that there was probable cause without the delivery of actual drugs. *See* LaFave, 2 Search and Seizure § 3.7(c) (6th ed. 2020) (explaining that probable cause absent the purported triggering condition may support a finding that the warrant was not anticipatory). Probable cause is established when, considering the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Carswell*, 996 F.3d 785, 791 (7th Cir. 2021) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). We defer to the decision of the issuing judge so long as substantial evidence supported it. *Id.*

Here, when he issued the warrant, the magistrate judge reasonably found a fair probability that the house contained evidence of drug crimes. Agent Goehring's affidavit established that a shipper who had sent illegal drugs to other addresses sent a package to the house, addressed to Calligan, containing a distribution quantity of a controlled substance. *See United States v. Dessart*, 823 F.3d 395, 400–01 (7th Cir. 2016) (intercepted packages likely containing controlled substance provided cause for search of house to which they were addressed); *see also United States v. Delgado*, 981 F.3d 889, 898 (11th Cir. 2020) (same, for two packages of controlled substances addressed to resident). The affidavit further established that Calligan's car had been parked at the house and he had recently received other international deliveries there.

Finally, Agent Goehring opined that, in his experience, drug traffickers often keep drugs, records, packaging supplies, cash, and guns where they live (even if they do not own the property)—and the magistrate judge who issued the warrant was entitled to rely on that experience. *See United States v. Orozco*, 576 F.3d 745, 749 (7th Cir. 2009).

That leaves Calligan's contention that Agent Goehring knowingly made false, material statements to get the warrant—specifically, that agents would deliver actual drugs before searching the home. He also urges that Agent Goehring's misstatement on the warrant return (that the drugs from the intercepted package were found in the resulting search) is evidence of his intent to deceive the magistrate judge.

This argument lacks merit. To be sure, a search warrant is invalid if police obtain it by deliberately or recklessly presenting false, material information. *See Franks*, 438 U.S. at 155–56; *United States v. Woodfork*, 999 F.3d 511, 516 (7th Cir. 2021). But to receive a hearing on this point, Calligan had to make an initial showing that Agent Goehring's incorrect prediction was material to the warrant. *See United States v. Clark*, 935 F.3d 558, 563 (7th Cir. 2019). He has not. The supposed misrepresentation would not have altered the magistrate judge's probable-cause determination; as we explained, there was probable cause for the search without the delivery of the actual drugs. And Agent Goehring erred in filling out the warrant return after the magistrate judge had made his initial probable-cause finding. As such, it does not affect the validity of the warrant. Nor is it convincing proof of anything nefarious on Agent Goehring's part.

Finally, even if probable cause technically were lacking, Agent Goehring's good faith would make the evidence

admissible. *See United States v. Leon*, 468 U.S. 897, 922 (1984). The mere fact that an officer sought a warrant generates a presumption of good faith. *See United States v. Mykytiuk*, 402 F.3d 773, 777 (7th Cir. 2005). Calligan argues that he can rebut that presumption because Agent Goehring was "dishonest or reckless in preparing the supporting affidavit." *Id.* But the district judge credited the agent's plausible explanation for replacing the drugs, and that he was, at worst, negligent in filling out the warrant return. *See Elst*, 579 F.3d at 747. Calligan has not shown that these rulings are erroneous.

AFFIRMED